May it please the Court, Counsel, I'm Lisa Hay, the Federal Defender for Oregon, representing Mr. Bichette Nejad. I'm asking the Court today to correct decades of error in the interpretation of criminal forfeiture statutes. As Judge O'Scanlan said, curiously, current precedent results in a counterintuitive interpretation of forfeiture, under which a person can be ordered to forfeit something they don't have. In light of the Supreme Court's decisions in Honeycutt and I brought to the Court a new statutory construction argument that had not been considered by any court in a published opinion, this Court is not bound by prior cases, as I'd like to discuss later, and instead can act to eliminate this problem in forfeiture. Before I address the arguments in the brief, I did hope I could point out some specific arguments or problems about forfeiture generally that might help us. The first is there's some seeming confusion in the case law about the links in impersonum jurisdiction and personal money judgments. And, of course, the concepts are not related. Impersonum jurisdiction is in contrast to in rem jurisdiction, which was needed under old law to forfeit a thing, the res. So that's why we used to have, for example, cases United States versus one Ford motor car, because you had to bring a case against the thing. When Congress enacted the forfeiture statutes, they said they were eliminating that distinction, and so now everything could be brought in personum jurisdiction, as in this case, against Mr. Nejad. But that doesn't have anything to do with a personal money judgment. In some cases, it seems to refer to an impersonum money judgment. It's just enmeshing two concepts that I know this Court won't do, but in one of the cases cited by the government in their 28-J letter, El-Bulawi, they seem to be on that path. Second, the larger concept that should be discussed is that forfeiture— I do deny that, Your Honor, yes. And I can turn to the law that wouldn't allow that. Oh, why does Newman allow it then? Your Honor, I believe those cases are erroneous, just like Honeycutt in the Supreme Court had to reverse decades of— Honeycutt really doesn't talk about this particular issue. All it says is that we're not allowing forfeiture of untainted assets when the requirements of 853 P&A are satisfied. That's all Honeycutt says. Actually, in the oral argument, in the transcript, Your Honor, the justices did question money judgments— I understand what the justices questioned. There's a lot of things the justices do up there that I don't have time to listen to, frankly. So I have to read what they say. So I looked at Honeycutt, and I said, where in Honeycutt does it say anything about money judgments are not proper? Your Honor, you're right. It doesn't have that specific statement in it. No, it doesn't say it at all. And so I have Casey that says money judgments are an appropriate way to further the remedial purposes of the forfeiture statute by ensuring that all eligible criminal defendants receive the mandatory forfeiture sanction Congress intended and disgorge their ill-gotten gains, even those already spent. And then I have Newman, which says, where the proceeds of the criminal activity are money, the government may seek a money judgment as a form of a criminal forfeiture. Where the government seeks a money judgment, a court may only determine the amount of money that the defendant will be ordered to pay. That's exactly a fair point. That's what it says. That is, Your Honor. And here's my response to that. The executive branch and the judicial branch have created this extra statutory money judgment to address exactly the problems you have. Congress didn't allow that. Congress created two ways to address this problem. Well, have I got to take this on bonk? Your Honor, we don't need to go on bonk because no other district... Well, frankly, I don't see anything, any case you've cited or any case that's in front of us which says what you want it to say. You might be trying to interpolate from what was argued in the Supreme Court or what they might have questioned about or what Judge O'Scanlan may say in a dissent or whatever, but that's not what I get to look at. That's right, Your Honor. I think what the court needs to look at is the statute, and the statute is 21... Well, what the court needs to look at is the statute and the way my court has interpreted the statute. And if you don't like that, go on bonk. Get that great court in the sky to undo what I did. Perhaps we will get it there, get us on bonk, Your Honor. But I wanted to explain why I wanted to address the problem of the defendant who spends his money on wine, women, and song. That's the argument. That's the wrong... The court has done the wrong thing. The court has created a judicial mechanism, but Congress already legislated in two ways how to address that problem. The first is in the substitute property section, 853P. If a defendant has spent all the proceeds, the Congress said that the government can go to the court and say, we'd like to take substitute property. So if certain conditions are met, the government can say, well, take the house that you bought way before the crime was committed. That's one way. But what about the defendant... And at that point, they have to sell the house, right, and get the money from the house. Right, exactly. And so that's what you have to do with substitute property. But what about the defendant who both spent all the proceeds and has nothing left? He has no property. That's one of the things the court was concerned about. But Congress created a specific way to address that in the same forfeiture statute. Congress created a criminal fine. In the same section, 853A, Congress states that the court can impose a fine of not more than double the proceeds from the crime. So a criminal fine would address future earnings. A criminal fine would address this problem of a defendant who has no money to take now, but we're going to fine them. And it would solve this problem that we've created where we're claiming to forfeit a money judgment. But a money judgment is not property. A money judgment is a debt, an obligation. And so under Honeycutt, where the Supreme Court says we did not expand forfeiture from its traditional basis of addressing property, we can't have a money judgment. Can I ask you, you mentioned the substitute property provision in 853P. Yes. Do we have case law that says what the time frame that applies for that? In other words, your concern is the future acquired property. So do we have cases under 853P that say you're basically locked in as to whatever the date of the judgment is and no property beyond that? No. There isn't clear case law on that, Your Honor. I think in a later case I would argue there's a statute of limitations. There's a five-year limitation on certain judgments, but there's not case law on that because I don't think this argument has ever been raised this way because we just use money judgments, and money judgments are different. Well, the government says that they don't think this will actually be treated as a true money judgment in the sense because you said, I think, in your brief, well, if you got a future tax refund, they could just do an administrative offset. And the government, I think, denies that. I want to ask them that. Yes. And, Your Honor, we would concede if the government, if it's correct that the forfeiture order is not like a civil forfeiture order, which the government says on page 7, if it's correct that a forfeiture money judgment is simply a fact of the proceeds that would be owed, as they say on page 24, and if it's correct that a forfeiture money judgment is not an independent debt that would be collected, I would concede then the court could affirm the forfeiture order and issue an opinion saying this is not a debt that can be collected. It's just a statement about ---- That's what I don't understand because I thought your whole complaint was that it didn't shield property that he would acquire in the future. And that's why I was asking how courts have read 853P because the government just says we're going to have to go back to court and prove that whatever property we now want to seize actually can fit within the substitute property provision. And I thought you were going to say no, no, no, no, that's not okay because right now, let's say he's, I don't know if he's destitute or not, but you're concerned about property he might acquire in the future, right? So I think there's two concerns there. One is I'm concerned that they don't even go back to court, that my argument is the money judgment serves as an end run around 853P to begin with. And I stand by that argument unless there's a statement that it's not used for collection. Even if the money judgment can't be used separately for collection, I think then if it's a statement of what proceeds someone could owe if there were property, the government still has to go find that property. And I think there could be a later dispute about how long can they look for property, can it be later acquired property. That case law really hasn't been developed. I'd like to save the last minute for rebuttal if I may. Okay. Thank you. Very good. Let's hear from the government. May it please the Court. Julia Jarrett for the United States. This Court in Casey, Newman, and Lowe has already carefully considered the forfeiture statutory scheme and correctly decided that the government may seek what has been termed a money judgment, which is really just, as Your Honors have pointed out, a calculation of the amount that the defendants obtained from the criminal activity but hid or spent and was not available at the time of sentencing. Can you just pick up where we left off with your opponent, or at least where I left off? I am trying to figure out what your position is as to the nature of this judgment that you've been given and how it can be collected. So can you just kind of explain how it relates to 853P and your opponent's concerns about this being, you know, like, if you got a tax refund next year, that money could just be seized immediately to satisfy this debt that he owes? Yes, Your Honor. Money judgments can only be fulfilled through the procedure set out in 853P and Rule 32.2. The administrative offset provisions that counsel has cited don't apply to forfeiture money judgments. And when you look at the actual statute of the administrative offset provisions, the definition of the type of debts that go in there are debts that are past due and delinquent for 120 days. Forfeiture money judgments, as you can see in the record on ER 6, do not have a due date and do not have a payment schedule compared to restitution, which has a due date and a payment schedule. Therefore, they're not past due or delinquent, and they don't fall into that category. The statutory scheme is set up for money judgments to be really a calculation of the amount that the defendant obtained but is not available at the time of sentencing and can then later be obtained under 853P. Okay. So just give me, maybe if you can, a concrete example of how this would work going forward. So let's just say—I don't know if it's true, but let's just say as of today, he has no more money. He's paid back the portion on the restitution, and he's now broke. So there isn't any substitute property today that the government could claim under 853P, right? Correct. Okay. But let's say, I don't know, next year, through whatever means, I don't know if he— His father gave him some property. There you go. Exactly. Right? It's just new property that he definitely had no interest in as of today, but a year from now, he acquires it. What then—how are you able to go after that property? I just want to get a sense of how 853P relates to that. Absolutely. So once the government has identified property that the defendant owes, the government can go before the court, and if the court has not already made findings under 853P1, then they would ask the court to make those findings and provide evidence to support those findings. Once the court has made findings under 853P1, then the government can seek to amend the final order of forfeiture that sets out the amount of the money judgment. And in that amendment, it would then include that property that the defendant inherited from his father as property forfeited to the government. The government would then be responsible for selling it and apply the proceeds of that property against the money judgment, reducing that amount. Okay. So the government's view then is that with respect to any future acquired property, the only way you could sort of get your hands on it is if you actually went back to court and got the forfeiture judgment amended to encompass it? That's correct. And that's explicitly what's contemplated in Rule 32.2. It lays out that the court has jurisdiction to amend the final order of forfeiture to include any subsequently located substitute assets. Okay. That was my concern, and so you should proceed with whatever else you were prepared to say. If the court has no further questions, I would ask this court to affirm based on preexisting Ninth Circuit precedent. Thank you. Okay. Thank you very much. Let's give you some time. You have some time for rebuttal. Did that satisfy you or no? Your Honor, I find it an astounding statement of the practice and the law, but if this court would issue a written published in stating that personal money judgments cannot be collected as debt, that only if the government goes back in front of the court under 853P can they work to enforce those, we would believe that would certainly protect many criminal defendants from unlawful end runs around 853P. All I was going to say is Judge Wofford did a far better job of mediating this case than I tried in another case we had previously. That's between us, but I'll just say I thought you would say the same thing, and I agree. Yeah. Your Honor, of course, I don't think the statute allows for the idea of money judgments, but because a money judgment is ordinarily in a civil context considered a debt that has to be enforced. If this money judgment is mere fact finding about what money the defendant would have to pay if he had property, it's a completely different standard, and I think that's fair under the statute for the court to make that finding, and then it's up to the parties to apply the statute to determine if the property can be seized under 853P. Okay. Thank you, Your Honor. All right. Thank you very much.
judges: N.R. Smith, Watford, R. Nelson